UNITED STATES
v.
SCIENTIFIC AIDS CO. et al.
Crim. A. No. 268-53.

United States District Court
D. New Jersey.
Jan. 19, 1954.

William F. Tompkins, U. S. Atty., per Jerome D. Schwitzer, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Charles A. Stanziale, Newark, N. J., for defendants.

SMITH, District Judge.

The defendants are charged by information with violations of the Federal Food, Drug, and Cosmetic Act, 21 U.S. C.A. § 301 et seq., and particularly Section 331 of Title 21 U.S.C.A., to wit, the introduction "into interstate commerce" of misbranded drugs, and the misbranding of drugs held and intended for shipment in interstate commerce.

The matter is before the Court at this time on a motion to suppress certain evidence acquired by an official representative of the Federal Security Agency, to wit, samples of drug products, specimens of labels, copies of advertisements, and information obtained upon examination of the defendants' records. The defendants urge that this evidence was acquired illegally, in violation of their constitutional and statutory rights.

The defendants maintain their place of business in Jersey City, N. J., where they are, and have been for approximately ten years, engaged in the sale and distribution by mail of drug products, particularly "Solfera Tablets," "Sobrin," and "Pilogen." We assume for the purposes of this motion that the defendants were engaged in interstate commerce and therefore subject to the provisions of the Act.

An inspector employed by the Federal Security Agency, one William P. Mackenzie, visited the defendants' place of business on five occasions in 1952. Inspections of the premises were made on August 7, August 25 and October 17, and on these occasions the inspector obtained from the defendants, or one of them, samples of their products, speci-

mens of labels, and copies of advertisements. The delivery of the samples to the inspector was followed within two days by the delivery of "Dealers Statements," which were executed by the defendant George Van Dyne.

The inspector testified that upon his inspection of the premises he examined and copied certain records which were voluntarily surrendered to him by one of the defendants. The copies were submitted to his superior, together with his report, and it is not denied that they are now in the possession of the Federal Security Agency. The records contained, among other things, the names and addresses of customers to whom the sales of drug products had been made.

The inspections of the defendants' place of business were apparently made under Section 374 of Title 21 U.S.C.A., and, according to the undisputed testimony, were made during the usual business hours. We are convinced by the credible testimony that the defendants made no objection to the inspection, and, at the request of the inspector, voluntarily surrendered to him samples of their product, specimens of their labels, and copies of their advertising. We are further convinced that the defendants made the pertinent records available and acquiesced, perhaps reluctantly, in the inspector's examination of them.

The present case is not unlike the case of United States v. Crescent-Kelvan Co., 3 Cir., 164 F.2d 582. There the Court summarized a similar situation, 164 F.2d at pages 585 and 586, as follows: "It is not contended that the inspector came upon the premises at an unreasonable time or forced his way into * * * (the) plant. It is clear from the testimony that whether the inspector expressly requested leave to enter and received such permission from the individual defendants who were in fact in charge of the premises, leave and permission to enter were tacitly granted to the inspector by the individual defendants. * * * But even if the inspector had no express right under the statute to take a sample (of the product), the individual defendants consented and acquiesced in that taking. It is manifest also that whether or not the statute conferred upon the inspector the right to examine the * * * records * * *, permission to make such an inspection was implictly granted * * * by the individual defendants then present * * *." See also United States v. Arnold's Pharmacy, D.C., 116 F.Supp. 310, recently decided by Judge Hartshorne of this court. We are of the opinion that the cited case of United States v. Crescent-Kelvan Co. is apposite, and is a complete answer to the only question raised by the present motion.

The defendants testified at great length, but their testimony was general, argumentative, and most uncertain. The necessary limits of this opinion will not permit a complete summary of their testimony. They testified that they were harassed by frequent inspections and that they acquiesced in the examination of their records and in the seizure of samples by the inspector only under duress. We are of the opinion that their testimony was not convincing and should be given little, if any, weight; in fact, some of it would tax one's credulity.

The defendants argue that the examination of their records by the inspector was in violation of their rights under Section 373 of Title 21 U.S.C.A. We are of the opinion that the argument is without merit. This section is not applicable. They further argue that the evidence was obtained in violation of their constitutional rights. This argument is not supported by the evidence and it is therefore without merit.

The motion to suppress the evidence will be denied.