UNITED STATES of America,
Plaintiff,

v.

Mandel HEROLD, an individual trading as Mayfair Drug Company, and Alexander Braaf, an individual, Defendants.

Crim. No. 44013.

United States District Court
E. D. New York.

Dec. 6, 1955.

---

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for United States, Zachary Fromberg, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Saul S. Sharison, New York City, for defendant Herold.

BRUCHHAUSEN, District Judge.

The defendant, Mandel Herold, makes this motion under Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order suppressing evidence claimed to have been illegally procured and for incidental relief.

The information, filed against the defendants, Mandel Herold, proprietor of a drug store known as the Mayfair Drug Company, and Alexander Braaf, his pharmacist (now deceased), charged that they dispensed drugs without a prescription in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S. C.A. § 331(k), hereinafter referred to as the Food and Drug Act.

Pursuant to Section 704(a) of that Act, 21 U.S.C.A. § 374(a), two inspectors of the Food and Drug Administration entered the drug store and presented the proprietor with a notice of inspection. That section permits authorized government officers to enter places where commodities embraced by the Act may be found and to inspect those places and commodities, after giving notice.

In connection with the inspection, the agents examined and copied prescription files, charge accounts, refill books and invoices of purchase and sale. Another section of the Act, 21 U.S.C.A. § 373, permits the inspectors to have ac-

cess to copy documents, provided, however, that evidence, obtained pursuant to the said Section 373 shall not be used in a criminal prosecution of the person from whom it is obtained.

The defendant Herold by this motion seeks to suppress the evidence contained in these documents and to dismiss the information filed herein as having been obtained in violation of his Constitutional guarantees against unlawful search and seizure contained in the Fourth and Fifth Amendments, and having been used in violation of them as well as in violation of Section 703 of the Food and Drug Act, 21 U.S.C.A. § 373, supra, granting immunity from prosecution.

■ The defendant's first contention is that the inspection of the premises was improper, in that Section 704(a) under which it was conducted, 21 U.S.C.A. § 374(a), applies, by its very title, to factories and warehouses. The comprehensiveness of the statute itself (which includes vehicles) and some of the recent cases construing it indicate that a drug store that satisfies the other requirements of the statute qualifies for inspection. United States v. Arnold's Pharmacy, Inc., D.C.N.J., 1953, 116 F. Supp. 310; United States v. Lyon Drug Co., D.C.E.D.Wis., 1954, 122 F.Supp. 597.

■ The defendant maintains, however, that the inspection and the copying of the records should only have been conducted after a notice was served under Section 703 of the Act, 21 U.S.C.A. § 373, which would have given him the aforesaid immunity from prosecution. Several recent cases hold that records may be examined and copied by government agents conducting an inspection under Section 704 without the necessity of resorting to the procedure of Section 703 or being bound by the provisions thereof, if permission to inspect the rec-

ords is given by an authorized person. United States v. Crescent-Kelvan Co., 3 Cir., 1948, 164 F.2d 582; United States v. 75 Cases, etc., 4 Cir., 1944, 146 F.2d 124; United States v. Scientific Aids Co., D.C.N.J., 1954, 117 F.Supp. 588; United States v. Lyon Drug Co., supra; United States v. Arnold's Pharmacy, Inc., supra.

■ The defendant further argues that permission to examine and copy the records was not voluntarily given and that he firmly protested against those acts. The government does not deny that evidence obtained by an illegal search and seizure may not be used in a prosecution, but asserts that the evidence in question was procured not only with the consent, but even with the cooperation of the defendant. The papers submitted by both sides on this point are irreconcilable, but the quality and quantity of the government's affidavits and the documents, consisting of receipts and affidavits executed by the defendant himself, as well as several witnesses, as opposed to the sole, self-serving affidavit of the defendant as well as the absence of the corroborating affidavit of his former attorney, present at the time in question, demonstrate the strength of the government's position.

The Court, however, is reluctant to determine the question presented, without affording the parties the opportunity of a trial of the issue before this Court, without a jury, at which time the witnesses may testify and be subjected to cross-examination. The authorities support this procedure, where the Constitutional right of immunity from unlawful search and seizure is involved. Such trial should be had, prior to the trial of the action, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.

Settle order on notice.